# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1056**                                      **September Term, 2023**

**USTC-5903-19W**

**Filed On:** October 12, 2023

In re: Sealed Case,


**ON APPEAL FROM THE UNITED STATES TAX COURT**

**BEFORE:**     Wilkins, Katsas, and Walker, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States Tax Court and on the briefs filed by the parties.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and appellant's motion to unseal and the supplement thereto, it is

**ORDERED AND ADJUDGED** that the Tax Court's December 7, 2022 order dismissing for lack of jurisdiction appellant's petition for review of a March 5, 2019 whistleblower determination be affirmed.  The Tax Court did not clearly err by concluding that the information for which appellant sought a whistleblower award was provided to the Internal Revenue Service before December 20, 2006.  See Feldman v. Fed. Deposit Ins. Co., 879 F.3d 347, 351 (D.C. Cir. 2018) (requiring district courts to resolve disputes over the factual basis for the court's subject-matter jurisdiction); U.S. Auto Sales, Inc. v. Comm'r of Internal Revenue, 153 T.C. 94, 100 & n.7 (2019) (applying this standard in Tax Court).  Consequently, the Tax Court correctly concluded that it lacked jurisdiction.  See Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, § 406(d), 120 Stat. 2922, 2960; see also Lissack v. Comm'r of Internal Revenue, 68 F.4th 1312, 1315 (D.C. Cir. 2023).  It is

**FURTHER ORDERED**, on the court's own motion, that appellee show cause within 30 days of the date of this judgment why the sealed portions of the record of this case should not be unsealed.  Cf. D.C. Cir. Rule 47.1(f)(1).  With respect to material which must remain under seal pursuant to statute or rule, see, e.g., 26 U.S.C. § 6103(a) (providing that tax returns and return information are confidential), appellee may discharge his obligation by identifying the applicable provision and the sealed material to which the provision applies.  For any other sealed portion of the record that appellee believes should not be unsealed, he should specifically identify the sealed material and provide a specific explanation for why the material should remain sealed.  The response to the order to show cause may not exceed the length limitations established by Federal Rule of Appellate Procedure 27(d)(2) (5,200 words if produced using a computer; 20 pages if handwritten or typewritten).  Appellant may file a reply, not to

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1056**                              **September Term, 2023**

exceed 2,600 words, or 10 pages if handwritten or typewritten, within 14 days of the filing of appellee's response.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>